IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA WALSH, | ) | 02C 7780 |
| Plaintiff, | ) | NO.: |
| v. | ) | |
| | ) | Jury Demanded |
| CLEAR CHANNEL COMMUNICATIONS, INC., a Texas Corporation and CHARLES MANCUSO, | ) ) ) | JUDGE AMY ST. EVE |
| | ) | MAGISTRATE JUDGE GERALDINE SOAT BROWN |
| Defendants. | ) | |

DOCKETED
OCT 3 0 2002

## COMPLAINT

NOW COMES the Plaintiff, CYNTHIA WALSH, by and through her attorneys, Jonathan C. Goldman and Arthur R. Ehrlich of Goldman & Ehrlich, and as her complaint against the Defendants, CLEAR CHANNEL COMMUNICATIONS, INC., a Texas Corporation, and CHARLES MANCUSO, states as follows:

### INTRODUCTION

1. This is an action for discrimination on the basis of sex, sexual harassment and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; a claim under the Equal Pay Act; as well as pendent state claims for assault, intentional infliction of emotional distress, and negligence on behalf of CLEAR CHANNEL COMMUNICATIONS, INC.

### JURISDICTION, VENUE AND JURY DEMAND

2. The Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1291, 28 U.S.C. § 1331, 29 U.S.C. § 206(d), and 42 U.S.C. § 2000e, et seq.

3. The Plaintiff demands a trial by jury.

4. The Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on August 9, 2002. She filed an amended charge on

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

September 23, 2002. After the Defendant failed or refused to respond to the EEOC charge, the Plaintiff requested a right to sue letter. On October 22, 2002, the EEOC issued a notice of right to sue giving the Plaintiff ninety (90) days in which to file a complaint before the U.S. District Court.

5. Venue is proper in the Northern District of Illinois, Eastern Division, as the alleged acts occurred herein.

## THE PARTIES

6. The Plaintiff, CYNTHIA WALSH, is a resident of Oswego, Illinois.

7. The Defendant, CLEAR CHANNEL COMMUNICATIONS, INC. ("CLEAR CHANNEL") is a Texas Corporation, doing business in Aurora, Illinois.

8. The Defendant, CHARLES MANCUSO ("MANCUSO"), is an individual residing in Illinois and employed by the Defendant in Aurora, Illinois as the President of CLEAR CHANNEL's Motor Sports division.

## BACKGROUND

9. The Plaintiff began her career on November 1, 1994 at SRO Motor Sports. In March 1996, SRO was acquired by PACE Entertainment. In March 1998, PACE was acquired by SFX Entertainment. In November 1998, the Plaintiff was promoted to Senior Director of Finance. In February 2000, SFX Entertainment was acquired by CLEAR CHANNEL COMMUNICATIONS, INC. In October 2000, the Plaintiff was promoted to Vice President of Business Development and first began reporting directly to MANCUSO, President of CLEAR CHANNEL's Motor Sports division.

## COUNT I - SEXUAL HARASSMENT

1-9. The Plaintiff realleges paragraphs 1 through 9 as paragraphs 1 through 9 of Count I.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

10. Initially, MANCUSO was merely a tough boss, but in or about November 2001, his actions started becoming abusive. Since November 2001, MANCUSO's frequent and severe hostile sexual harassment has included, but has not been limited to, calling the Plaintiff "You stupid MBA bitch," summoning her into his office from a meeting to show her individuals engaging in sexual intercourse outside his window, showing her pornographic web sites, referring to women generally as "cunt" and "you bitches," telling the Plaintiff "you bitches are all the same," using foul language, throwing things at her, yelling at her, screaming at her, and humiliating her.

11. On one occasion, when MANCUSO was having difficulty accessing a website from his computer terminal, he called Plaintiff into his office to help. She tried to access the site and could not so she wrote down the address and went to her office to try from there. After several attempts, she was unable to access the site so she returned to MANCUSO's office and told him that she was "unable to get it up." A smirk crossed MANCUSO's face and he said "I don't have that problem" obviously with reference to an erection.

12. On another occasion, MANCUSO called Plaintiff into his office because he could not access the network. Plaintiff tried to shut down and restart his Computer and then she went to the server room to see if his computer was being recognized by the server. Everything appeared to be working correctly. She then returned to his office and got down on the floor (underneath his desk) to check the cable connections to ensure nothing was pulled loose. During this time a conference call was transferred into his office. He announced to the participants that "this is the first time in thirty years that a woman is on her knees underneath my desk." He then indicated to everyone on the call that Plaintiff was the one under his desk fixing his computer.

13. MANCUSO frequently made derogatory comments about Plaintiff's small chest. Once, when she was wearing a sweater that made her breasts appear larger, MANCUSO asked "is that a new bra?"

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

3

14. MANCUSO has hinted that if the Plaintiff accepted his actions she would remain a part of his "inner circle." Other women who succumb to his hostile actions and give him neck rubs in his office are not treated in an abusive manner like the Plaintiff.

15. MANCUSO's conduct has created a hostile work environment that has reduced the Plaintiff's self esteem and effectiveness in the workplace such that she has been required to take a leave of absence. MANCUSO's actions also constitute quid pro quo sexual harassment. To date, she has not been able to return to work from her leave of absence.

16. The Plaintiff made frequent and persistent objections to MANCUSO about his conduct, but he would not stop. The Plaintiff also informed Human Resources, company legal representatives and other managers of the Plaintiff's complaints against MANCUSO, but nothing was done. These individuals all acknowledged that MANCUSO's conduct was objectionable, but took no action to stop it. CLEAR CHANNEL made no effort to investigate or remediate MANCUSO's actions until after the Plaintiff filed her charge of discrimination. Shortly after the Plaintiff took Family and Medical Leave, CLEAR CHANNEL scheduled its first sexual harassment seminar for the Motor Sports division.

17. The Defendant's conduct constitutes a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

18. As a direct result of the Defendant's conduct, the Plaintiff has been deprived of wages and employment benefits entitling her to an award of back pay.

19. In addition, the Plaintiff seeks to return to the workplace, but if she is not able to do so, she will continue to be deprived of wages and employment benefits in the future. The Plaintiff is, therefore, entitled to an award of front pay if reinstatement is not possible.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

4

20. The Plaintiff has suffered extreme mental anguish, humiliation, physical stress, loss of enjoyment of life and other physical and mental injuries and is entitled to an award of compensatory damages.

21. The Plaintiff has also suffered damage to her reputation and has lost career advancement entitling her to an award of damages for future pecuniary losses.

22. The Defendant's actions were at all times wilful and wanton and the Plaintiff is, therefore, entitled to an award of punitive damages against the Defendant.

23. The Plaintiff is also entitled to her costs and reasonable attorneys fees.

**WHEREFORE,** the Plaintiff requests judgment in her favor and against the Defendant, CLEAR CHANNEL, and the following relief:

    A. Back pay for the lost wages and employment benefits;

    B. Reinstatement, or in the alternative, front pay;

    C. Compensatory damages for the extreme mental anguish, physical stress, and other physical and mental injuries she suffered;

    D. Damages for future pecuniary losses;

    E. Punitive damages;

    F. Reimbursement of the Plaintiff's costs and an award of reasonable attorney's fees; and

    G. Any other and further relief as this court may deem just and proper.

## COUNT II - SEX DISCRIMINATION

1 - 14. The Plaintiff realleges paragraphs 1 through 14 of Count I as paragraphs 1 through 14 of this Count II.

15. The Plaintiff has been subjected to different terms and conditions of employment than similarly situated male employees.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

16. The Defendant's conduct constitutes sex discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. 2000e et seq.

17. As a direct result of the Defendant's conduct, the Plaintiff has been deprived of wages and employment benefits entitling her to an award of back pay.

18. In addition, the Plaintiff seeks to return to the workplace, but if she is not able to do so, she will continue to be deprived of wages and employment benefits in the future. The Plaintiff is, therefore, entitled to an award of front pay if reinstatement is not possible.

19. The Plaintiff has suffered extreme mental anguish, humiliation, physical stress, loss of enjoyment of life, and other physical and mental injuries and is entitled to an award of compensatory damages.

20. The Plaintiff has also suffered damage to her reputation and has lost career advancement entitling her to an award of damages for future pecuniary losses.

21. The Defendant's actions were at all times wilful and wanton and the Plaintiff is, therefore, entitled to an award of punitive damages against the Defendant.

22. The Plaintiff is also entitled to her costs and reasonable attorneys fees.

**WHEREFORE,** the Plaintiff requests judgment in her favor and against the Defendant, CLEAR CHANNEL and the following relief:

    A. Back pay for the lost wages and employment benefits;

    B. Reinstatement, or in the alternative, front pay;

    C. Compensatory damages for the extreme mental anguish, physical stress, and other physical and mental injuries she suffered;

    D. Damages for future pecuniary losses;

    E. Punitive damages;

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

F.   Reimbursement of the Plaintiff's costs and an award of reasonable attorney's fees; and

G.   Any other and further relief as this court may deem just and proper.

## COUNT III - RETALIATION

1-14.   The Plaintiff realleges paragraphs 1 through 14 of Count I as paragraphs 1 through 14 of this Count III.

15.   On January 29, 2002, the Plaintiff confronted MANCUSO and told him that she objected to his actions. In response to the Plaintiff's complaint to MANCUSO, he accused her of being "insubordinate," increased his verbal abuse of her, severely reduced her responsibilities, reduced his interpersonal communication with her, and refused to meet with the Plaintiff at any time during the subsequent six (6) months.

16.   During the period February through July 2002, MANCUSO frequently harassed Plaintiff about trivial issues such as taking vacation despite MANCUSO previously approving the request, berated Plaintiff about her failure to communicate despite MANCUSO refusing to meet with her when she requested, and openly stating that "Cindy is on her way out" while meeting with a joint venture partner on July 23, 2002.

17.   On August 8, 2002, Defendant removed all of Plaintiff's access to company voice mail and e-mail. Other employees who have had an extended absence did not have their access cut off.

18.   The Plaintiff also informed Human Resources, company legal representatives and other managers of the Plaintiff's complaints against MANCUSO, but nothing was done. These individuals all acknowledged that MANCUSO's conduct was objectionable, but took no action to stop it.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

7

19. On July 30, 2002, the Plaintiff took a leave of absence because she could no longer tolerate the sexual harassment and abuse. On August 9, 2002, the Plaintiff filed a charge of discrimination with the EEOC. Prior to the filing of her charge, CLEAR CHANNEL took no steps to investigate or take remedial action to stop the harassment of the Plaintiff.

20. Others who were on FMLA or away from work for extended illness in the Plaintiff's division were paid their full salaries while on leave of absence. The Plaintiff, however, has not been paid while on Family and Medical Leave. The other employees had not complained of sexual harassment or filed a charge of discrimination with the EEOC.

21. CLEAR CHANNEL became aware of the Plaintiff's Charge of Discrimination on or before August 28, 2002. Despite having knowledge of the charges against MANCUSO, CLEAR CHANNEL awarded MANCUSO with the 'Executive of the Year Award' in early September 2002, at the executive meeting in Las Vegas, Nevada. The award was given for "recognition of the outstanding leadership, vision, success, synergy and growth of our division."

22. The Defendant further retaliated against the Plaintiff by instructing certain executives "not to speak to Cindy because she's suing us and she's nothing but trouble."

23. The Defendant retaliated against the Plaintiff because of her opposition to discrimination by subjecting the Plaintiff to increased harassment, severely reducing the Plaintiff's work load, decreasing the Plaintiff's interpersonal interaction with MANCUSO and failing or refusing to pay her while she was on a leave of absence. The Defendant's conduct constitutes a violation of Title VII of the Civil Rights Act, 42 U.S.C. 2000e et seq.

24. As a direct result of the Defendant's conduct, the Plaintiff has been deprived of wages and employment benefits entitling her to an award of back pay.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

25. In addition, the Plaintiff seeks to return to the workplace, but if she is not able to do so, she will continue to be deprived of wages and employment benefits in the future. The Plaintiff is, therefore, entitled to an award of front pay if reinstatement is not possible.

26. The Plaintiff has suffered extreme mental anguish, humiliation, physical stress, loss of enjoyment of life, and other physical and mental injuries and is entitled to an award of compensatory damages.

27. The Plaintiff has also suffered damage to her reputation and has lost career advancement entitling her to an award of damages for future pecuniary losses.

28. The Defendant's actions were at all times wilful and wanton and the Plaintiff is, therefore, entitled to an award of punitive damages against the Defendant.

29. The Plaintiff is also entitled to her costs and reasonable attorney's fees.

**WHEREFORE,** the Plaintiff requests judgment in her favor and against the Defendant, CLEAR CHANNEL COMMUNICATIONS, INC. and the following relief:

    A. Back pay for the lost wages and employment benefits;

    B. Reinstatement, or in the alternative, front pay;

    C. Compensatory damages for the extreme mental anguish, physical stress, and other physical and mental injuries she suffered;

    D. Damages for future pecuniary losses;

    E. Punitive damages;

    F. Reimbursement of the Plaintiff's costs and an award of reasonable attorney's fees; and

    G. Any other and further relief as this court may deem just and proper.

### COUNT IV - EQUAL PAY ACT

1-9. The Plaintiff realleges paragraph 1 through 9 as paragraphs 1 through 9 of Count IV.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

10. The Plaintiff is presently employed as the Vice President of Business development.

11. In January or February 2001, the Defendant hired Eric Peronnard (male) as the Vice President of International Business Development.

12. Despite the fact that Peronnard has no college education, less experience with the Company, and less responsibility than the Plaintiff, Peronnard is paid 39.5% more than the Plaintiff. Peronnard reports to MANCUSO, but has dotted line responsibility to the Plaintiff who was responsible for overseeing Peronnard's daily activities and reviewing Perronard's expense reports. The Plaintiff also negotiated Peronnard's employment contract.

13. The Defendant compensates Peronnard more than the Plaintiff because of the Plaintiff's gender. The Defendant's conduct constitutes a violation of the Equal Pay Act, 29 U.S.C. § 206(d).

14. As a direct result of the Defendant's conduct, the Plaintiff has been deprived of wages and employment benefits and is likely and will continue to be deprived of wages and employment benefits in the future.

15. Furthermore, the Plaintiff has suffered a serious injury to her reputation as well as extreme mental anguish, humiliation, physical stress, loss of enjoyment of life and other physical and emotional injuries, and is entitled to compensatory damages.

16. The Defendant's actions were at all times willful and wanton and the Plaintiff is, therefore, entitled to an award of punitive damages.

**WHEREFORE,** the Plaintiff requests judgment in her favor and against the Defendant, CLEAR CHANNEL COMMUNICATIONS, INC. and the following relief:

   A. An award of back pay and lost employment benefits as well as wages and benefits reasonably expected to be lost in the future;

   B. An award of compensatory damages;

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

  C. An award of punitive damages; and

  D. Any other and further relief as this court may deem just and proper.

## COUNT V - ASSAULT

1 - 14. The Plaintiff realleges paragraphs 1 through 14 of Count I as paragraphs 1 through 14 of this Count V.

15. At various times, MANCUSO has screamed and yelled at the Plaintiff making her fear physical harm and severely humiliating her. On or about December 6, 2001, while the Plaintiff was in MANCUSO's office, MANCUSO had a fit of rage in which he picked up a bottle of water and threw it at the Plaintiff. The bottle narrowly missed the Plaintiff, but shattered a 24" x 30" glass enclosed framed poster. MANCUSO's actions placed the Plaintiff in imminent fear of bodily harm and caused her great anguish.

16. MANCUSO frequently left lewd and hostile voice messages on Plaintiff's voice mail. In particular, on January 25, 2002, MANCUSO left a threatening voice messages for Plaintiff and stated that he'd 'deal with [her] once and for all on Monday.' Plaintiff felt this was a direct, personal threat.

17. On April 30, 2002, in a fit of rage, MANCUSO pulled his phone system out of the wall and threw it across his office at Plaintiff.

18. MANCUSO's actions were malicious, willful, and deliberate and committed with the intent of causing the Plaintiff great bodily harm.

**WHEREFORE**, the Plaintiff requests that this court enter a judgment in favor of Plaintiff and against the Defendant, MANCUSO, and that Plaintiff be awarded compensatory and punitive damages.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

## **COUNT VI - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1 - 14. The Plaintiff realleges paragraphs 1 through 14 of Count I as paragraphs 1 through 14 of this Count VI.

15. At various times, MANCUSO has screamed and yelled at the Plaintiff making her fear physical harm and severely humiliating her. On or about December 6, 2001, while the Plaintiff was in MANCUSO's office, MANCUSO had a fit of rage in which he picked up a bottle of water and threw it at the Plaintiff. The bottle narrowly missed the Plaintiff, but shattered a 24" x 30" glass enclosed framed poster. MANCUSO's actions placed the Plaintiff in imminent fear of bodily harm and caused her great anguish.

16. On January 29, 2002, the Plaintiff confronted MANCUSO and told him that she objected to his actions. In response to the Plaintiff's complaint to MANCUSO, he accused her of being "insubordinate," increased his verbal abuse of her, reduced her responsibilities, and reduced his interpersonal communication with her.

17. The Plaintiff also informed Human Resources, company legal representatives and other managers of the Plaintiff's complaints against MANCUSO, but nothing was done. These individuals all acknowledged that MANCUSO's conduct was objectionable, but took no action to stop it.

18. MANCUSO frequently left lewd and hostile voice messages on Plaintiff's voice mail. In particular, on January 25, 2002, MANCUSO left a threatening voice messages for Plaintiff and stated that he'd 'deal with [her] once and for all on Monday.' Plaintiff felt this was a direct, personal threat.

19. On April 30, 2002, in a fit of rage, MANCUSO pulled his phone system out of the wall and threw it across his office at Plaintiff.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

20. On July 30 2002, the Plaintiff took a leave of absence because she could no longer tolerate the sexual harassment and abuse. On August 9, 2002, the Plaintiff filed a charge of discrimination with the EEOC.

21. Others who were on FMLA or away from work for extended illness in the Plaintiff's division were paid their full salaries while on leave of absence. The Plaintiff, however, has not been paid while on Family and Medical Leave. The other employees had not complained of sexual harassment or filed a charge of discrimination with the EEOC.

22. CLEAR CHANNEL became aware of the Plaintiff's Charge of Discrimination on or before August 28, 2002. Despite having knowledge of the charges against MANCUSO, CLEAR CHANNEL awarded MANCUSO with the 'Executive of the Year Award' in early September 2002, at the executive meeting in Las Vegas, Nevada. The award was given for "recognition of the outstanding leadership, vision, success, synergy and growth of our division."

23. The Defendant also instructed certain executives "not to speak to Cindy because she's suing us and she's nothing but trouble."

24. As a result of MANCUSO's hostility, harassment, threats of disciplinary actions, and threats of physical violence, Plaintiff suffered extreme emotional distress and developed and experienced severe stress and anxiety as a direct result of which, she was forced to take a medical leave of absence.

25. MANCUSO was aware of Plaintiff's stress and anxiety. Nevertheless, MANCUSO continued to harass Plaintiff.

26. MANCUSO took these actions in order to exacerbate the Plaintiff's medical condition and to intentionally cause the Plaintiff to suffer emotional distress.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

27. As a result of the Defendants' above-stated actions, the Plaintiff has been deprived of wages and other employment benefits and will continue to be deprived of wages and employment benefits in the future.

28. Furthermore, the Plaintiff has suffered a serious injury to her reputation as well as extreme mental anguish, humiliation, physical stress, loss of enjoyment of life, and other physical and emotional injuries, and is entitled to compensatory damages.

29. The Defendant's actions were at all times willful and wanton and the Plaintiff is, therefore, entitled to an award of punitive damages against the Defendants.

**WHEREFORE,** the Plaintiff requests judgment in her favor and against the Defendant, MANCUSO and the following relief:

    A. An award of back pay and lost employment benefits as well as wages and benefits reasonably expected to be lost in the future;

    B. An award of compensatory damages;

    C. An award of punitive damages; and

    D. Any other and further relief as this court may deem just and proper.

### COUNT VII - NEGLIGENCE ON THE PART OF CLEAR CHANNEL

1 - 26. The Plaintiff realleges paragraphs 1 through 26 of Count VI as paragraphs 1 through 26 of this Count VII.

27. The Defendant CLEAR CHANNEL COMMUNICATIONS, INC. owed the Plaintiff a duty to insure that she was treated fairly and respectfully and not subjected to sexual harassment, verbal abuse or hostile acts by any supervisors.

28. CLEAR CHANNEL knew that MANCUSO had sexually harassed and verbally abused Plaintiff and other employees on several occasions since 1994. Plaintiff and other

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

14

employees have made complaints about MANCUSO, but no action was ever taken to protect Plaintiff or to discipline MANCUSO.

29. CLEAR CHANNEL breached its duty to Plaintiff by allowing MANCUSO to remain employed as a supervisor, failing to take necessary and appropriate steps to protect Plaintiff and other employees or to discipline MANCUSO to insure that MANCUSO did not continue to treat employees in a threatening manner. CLEAR CHANNEL knew or should have known that MANCUSO would continue to mistreat Plaintiff unless reasonable steps were taken.

30. In early September 2002, Charlie MANCUSO was given an "Executive of the Year Award" at the executive meeting in Las Vegas, Nevada. The award was given for "recognition of the outstanding leadership, vision, success, synergy and growth of our division."

31. As a result of Defendant's negligence, Plaintiff suffered severe emotional distress and has had to take a medical leave of absence.

**WHEREFORE,** the Plaintiff requests judgment in her favor and against the Defendant, CLEAR CHANNEL and the following relief:

A. An award of back pay and lost employment benefits as well as wages and benefits reasonably expected to be lost in the future;

B. An award of compensatory damages; and

C. Any other and further relief as this court may deem just and proper.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

_____
Jonathan C. Goldman of Goldman & Ehrlich,
as Attorneys for CYNTHIA WALSH

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

DOCKETED
OCT 3 0 2002

## Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s): CYNTHIA WALSH**

**Defendant(s): CLEAR CHANNEL COMMUNICATIONS, INC. and CHARLES MANCUSO**

County of Residence: Kendall

County of Residence:

Plaintiff's Atty: Jonathan C. Goldman
GOLDMAN & EHRLICH
19 South LaSalle St., Ste. 1500,
Chicago, IL 60603
(312)332-6733

Defendant's Atty:

FILED-EDS 02 OCT 29 PM 2:48 CLERK U.S. DISTRICT COURT

II. Basis of Jurisdiction: **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal Parties (Diversity Cases Only)
Plaintiff:- **N/A**
Defendant:- **N/A**

JUDGE AMY ST. EVE


**02C 7780**

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

IV. Origin: **1. Original Proceeding**

V. Nature of Suit: **442 Employment**

VI. Cause of Action: **This is an action for discrimination on the basis of sex, sexual harassment and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; a claim under the Equal Pay Act; as well as pendent state claims for assault, intentional infliction of emotional distress, and negligence on behalf of CLEAR CHANNEL COMMUNICATIONS, INC.**

VII. Requested in Complaint
Class Action: **No**
Dollar Demand:
Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____ 10/29/02

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

DOCKETED
OCT 3 0 2002

In the Matter of

CYNTHIA WALSH

v.

CLEAR CHANNEL
COMMUNICATIONS, INC.
and CHARLES MANCUSO



JUDGE AMY ST. EVE

Case Number: 02C 7780

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

CYNTHIA WALSH

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Jonathan C. Goldman | NAME: Arthur R. Ehrlich |
| FIRM: GOLDMAN & EHRLICH | FIRM: GOLDMAN & EHRLICH |
| STREET ADDRESS: 19 South LaSalle Street, Ste. 1500 | STREET ADDRESS: 19 South LaSalle Street, Ste. 1500 |
| CITY/STATE/ZIP: Chicago, Illinois 60603 | CITY/STATE/ZIP: Chicago, Illinois 60603 |
| TELEPHONE NUMBER: (312)332-6733 | TELEPHONE NUMBER: (312)332-6733 |
| IDENTIFICATION NUMBER: 06210828 | IDENTIFICATION NUMBER: 06187364 |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☒ NO ☐ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☒ NO ☐ |
| (C) | (D) |
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

FILED 02 OCT 29 PM 2:48 CLERK U.S. DISTRICT COURT